IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARTH CARLSON,** : | **CIVIL ACTION NO. 1:08-CV-0295** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **MR. BENNETT,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 8th day of December, 2008, upon consideration of this court's orders of August 5, 2008 (Doc. 18) and August 22, 2008 (Doc. 20), directing plaintiff to respond to defendant's motion for summary judgment (Doc. 15), and plaintiff having failed to comply with the orders, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions

other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense), it is hereby ORDERED that plaintiff shall, on or before December 19 , 2008, show cause why the above-captioned action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge