IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTH CARLSON**, | : | CIVIL ACTION NO. 1:08-CV-0295 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MR. BENNETT**, | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 6th day of January, 2009, upon consideration of defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 15), and of the previous orders of court dated August 5, 2008 (Doc. 18), and August 22, 2008 (Doc. 20), directing plaintiff to respond to defendant's motion for summary judgment, and plaintiff having failed to comply with the orders, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same); and upon further consideration of this court's order of December 5, 2009 (Doc. 23), directing plaintiff to show cause on or before December 19, 2008, why the matter should not be dismissed for failure to prosecute, Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that plaintiff has failed to oppose defendant's motion;

and it further appearing that plaintiff has received the prior orders of court and is therefore personally responsible for failing to comply with those orders, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendant by requiring him to assume the cost of continued preparation for trial without prompt resolution of the motion for summary judgment, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to three prior orders of court (Docs. 18, 20, 23) constitutes a history of dilatoriness and a willful disregard of the court's authority, see Poulis at 868-69 (identifying "history of dilatoriness" as third factor, and "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because, he is proceeding in forma pauperis and his failure to respond to the motion results in the motion being deemed unopposed, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that based upon the uncontradicted affidavit of the sole defendant in this matter, Mr. Bennet (Doc. 15-2, at 1-4), as well as the other exhibits attached to defendant's motion (Docs. 15-3 - 15-7), plaintiff's claim lacks merit, see Poulis, at 869-70 (identifying "meritoriousness of the claim" as the sixth factor), it is hereby ORDERED that:

1. Plaintiff's complaint (Doc. 1) is DISMISSED for failure to prosecute.
2. The Clerk of Court is directed to CLOSE this file.

3. The Clerk of Court is further directed to TERMINATE defendant's motion for summary judgment (Doc. 15).

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge